1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| ECLECTIC PROPERTIES EAST, LLC, a California Limited Liability Company, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE MARCUS & MILLICHAP COMPANY, a California corporation, et al.,<br><br>Defendants. | Case No.: 09-CV-00511-RMW (HL)<br><br>[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS AND INFORMATION<br>**AS AMENDED BY THE COURT**<br>DATE:  January 22, 2010<br>TIME:   9:00 a.m.<br>CTRM:  6, 4th Floor<br><br>[Filed Concurrently With:<br> -  Joint Stipulation] |

# **ORDER**

1. Based on the joint stipulation of Plaintiffs Eclectic Properties East, LLC, et al. and Defendants The Marcus & Millichap Company, et al. (collectively the "Parties"), and for good cause shown, the Court enters the following Order for the protection of confidential material in this action pursuant to Fed.R.Civ.P. 26(c).

2. In connection with (i) the Court-ordered jurisdictional discovery in this case, (ii) initial disclosures, and/or (iii) discovery in this case, the Parties anticipate that they will be required to produce certain documents that will contain confidential medical information, proprietary data, trade secrets, confidential research and development data, and/or other commercially sensitive information. ~~(hereafter "Confidential Documents").~~ **The parties may designate as "Confidential Documents" such information that, based on a good-faith determination, qualifies for protection under the standards developed under Fed. R. Civ. P. 26(c).**

3. Confidential Documents may be produced for examination and inspection in this action pursuant to this Order. These documents shall be marked or stamped "Confidential" by the party attempting to so designate the document, which designation shall be made in good faith.

4. The Parties shall limit the use and dissemination of all Confidential Documents pursuant to this Order, and only for the purpose of litigating this action, and for no other purpose~~,~~ **unless otherwise ordered by the Court.**

5. The production of any Confidential Document pursuant to this Order is not to be interpreted or deemed to be a waiver by any party of any objections or privileges that might apply to the use of the Confidential Document in any proceeding or for any purpose, including, but not limited to, objections and challenges to personal jurisdiction.

-1-  Case No.: 09-CV-00511-RMW (HL)
~~[PROPOSED]~~ PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS AND INFORMATION

1    6.   Under no circumstances, other than those specifically enumerated in
2 this Order, or in a subsequent order of the Court, shall any party or person obtaining
3 a Confidential Document disclose, provide, share, describe, comment on or
4 disseminate a Confidential Document or its contents to persons other than the
5 following:
6         (a)   the Court, **and its personnel** pursuant to paragraph 9 of this Order;
7         (b)   counsel of record for a party to this action (including the
8               paralegal, clerical and secretarial staff employed by such
9               counsel); and
10        (c)   "Qualified Persons" designated below:
11              (i)    a party or an officer, director or employee of a party
12                     deemed necessary by counsel to aid in the prosecution,
13                     defense or settlement of this action;
14              (ii)   testifying and non-testifying experts or consultants
15                     (together with their clerical staff) retained by such counsel
16                     to assist in the prosecution, defense or settlement of this
17                     action;
18              (iii)  court reporter(s) employed in this action;
19              (iv)   a witness at any deposition or other proceeding in this
20                     action; and
21              (v)    any other person as to whom the Parties agree in writing,
22                     **including the author of the document or the original source of the information.**
23   7.   Any Confidential Documents and their contents may be disclosed to
24 and discussed with persons identified in paragraph 6(c) only after that person is
25 provided a copy of this Order, and executes a non-disclosure agreement in the form
26 of Attachment A hereto. Counsel of record providing the Confidential Document to
27 any such person shall maintain the written agreement of any such person agreeing to
28 be bound by this Order.

-2-                     Case No.: 09-CV-00511-RMW (HL)
[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS AND INFORMATION

1       8.      The persons to whom Confidential Documents are provided shall not
2   make any copies or use any Confidential Document or its contents for any purpose
3   whatsoever, except as permitted in this Order.
4
5       9.      If any party or counsel of record files or submits a Confidential
6   Document or any confidential portion thereof to the Court, the Confidential
7   Document or any confidential portion thereof shall be accompanied by an
8   application pursuant to Local Rule 79-5 to **seek leave from the Court to** file the Confidential Document or any
9   confidential portion thereof under seal. The application shall be directed to the judge
10  to whom the papers are directed. Pending the ruling on the application, the papers or
11  portions thereof subject to the sealing application shall be lodged under seal.  Prior
12  to disclosure at trial or a hearing of materials or information designated
13  "Confidential," the parties may seek from the Court further protections against
14  public disclosure.
15
16      10.     If any party or counsel of record objects to the designation of a
17  Confidential Document as "Confidential" within the meaning of this Order, the
18  parties shall **first meet and confer in good faith to** resolve their dispute **prior to filing a motion** pursuant to Local Rule**s 7 and** 37.  **The burden of persuasion in any such challenge shall be on the designating party.** Until the Court enters an order, if any, regarding the confidentiality of the Confidential Document, the
19
20  Parties shall continue to protect the Confidential Document pursuant to this Order.
21  If the Court finds that any party designated a document as "Confidential" in bad
22  faith, said party shall reimburse the moving party for its reasonable attorneys' fees
23  and costs incurred in challenging said designation.
24
25      11.     If any Confidential Document is used in any proceeding in this case,
26  including any deposition, the document shall not lose its confidential status through
27  such use, and the Parties shall take all steps reasonably required to protect the
28  confidentiality of the document during any such use—except that if this matter

proceeds to trial, any Confidential Document or any confidential portion thereof that is filed with the Court will become presumptively public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

12. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 10-day period following receipt of the transcript, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner. The deposition of any witness (or any portion of such deposition) that encompasses "Confidential" information shall be taken only in the presence of persons who are qualified to have access to such information.

13. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

14. Nothing in this Order shall be interpreted or deemed in any way to affect or establish the admissibility of any Confidential Document in any proceeding. Nothing in this Order shall be interpreted or deemed in any way to

suggest that the Court itself had made a determination regarding the confidential nature of the information.

15. Within 60 days of the final termination of this litigation, whether by settlement or by final judgment in a Court of last resort, all Confidential Documents and copies of any Confidential Documents in the possession, custody or control of the Parties, their counsel of record, and any persons provided Confidential Documents pursuant to paragraph 6(b)-(c), shall either be returned to the party producing the Confidential Document or destroyed. All notes, memoranda, summaries or other documents in the possession, custody or control of any such persons referring, describing or relating to Confidential Documents shall be destroyed. Counsel of record shall obtain the return of all Confidential Documents and related documents from persons they provided such documents to pursuant to paragraph 6(b)-(c). Counsel of record must certify in writing within the 60 day period that they have conducted a good faith inquiry into the return or destruction of Confidential Documents and that to the best of their knowledge all Confidential Documents have been returned or destroyed.

16. This Order shall survive the final termination of this action unless otherwise agreed by the Parties in writing or ordered by the Court. **For a period of six months after the final termination of this action, this Court will retain jurisdiction to enforce the terms of this protective order.**

17. Nothing in this Order shall be deemed a waiver of the attorney-client, work product or any other privilege, or of the right of any of the Parties to oppose production of any information or documents as being outside the scope of discovery authorized by the Federal Rules of Civil Procedure or otherwise.

18. A producing party may produce a redacted version of information, documents or things that it contends is protected from disclosure by the attorney-

-5-    Case No.: 09-CV-00511-RMW (HL)
[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS AND INFORMATION

1  client privilege, the attorney-work product immunity or any other identified
2  applicable privilege or immunity, identifying where the privileged or immune
3  material was redacted with the designation "Redacted-Privileged."  In the event that
4  a Party inadvertently or mistakenly produces information, documents or things that
5  are protected from disclosure under the attorney-client privilege, work-product
6  immunity or any other identified applicable privilege or immunity, such production
7  shall not prejudice such claim or otherwise constitute a waiver of any claim of
8  attorney-client privilege, work-product immunity or any other identified applicable
9  privilege or immunity.  A producing party may promptly (from the time when the
10 producing party discovers it has inadvertently or mistakenly produced such
11 information) notify the receiving Party of the inadvertent production in writing and
12 request that the inadvertently produced information, documents or things be
13 returned to the producing Party.  Within three (3) business days of receiving such
14 notice and request, the receiving Party shall return or destroy the inadvertently or
15 mistakenly produced information, documents or things identified by the producing
16 Party.  The receiving Party shall also destroy extra copies or summaries of, or notes
17 relating to, any such inadvertently or mistakenly produced information, except that
18 the receiving Party may retain one copy of such material for the purpose of
19 **seeking leave pursuant to Local Rule 79-5 to** submi~~tting~~ such material to the Court under seal.  The receiving party may **assert a good-faith** challenge
20 the claim of privilege or immunity asserted by the producing Party upon motion to
21 the Court **pursuant to Local Rule 7** only after the receiving Party has destroyed or returned the inadvertently
22 produced document to the producing Party.
23
24     19.    Nothing in this Order shall be construed to limit, restrict or otherwise
25 affect the ability of the Parties to seek the production of documents, testimony or
26 any information from any source.
27
28

**Qualified Persons**

20. The Parties, counsel of record, and ~~persons~~ receiving copies of Confidential Documents shall be bound by the terms and conditions of this Order.

21. Nothing in this protective order shall affect any party's right, or the Court's power, to impose sanctions for conduct relating to the production and use of documents in this lawsuit.

IT IS SO ORDERED.

Dated: January  25 , 2010

_____
The Honorable **Howard R. Lloyd**
United States **Magistrate** Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                     [printed name]

Signature: _____
                  [signature]